h KIMBALL, J.,
dissenting.
The majority correctly notes that the System Agreement involved in this case is a FERC tariff. As amended by the FERC, it states in part that ERS units may be included in calculations for MSS-1 payments if certain conditions are met. The majority also points out that the LPSC recognized that the FERC has exclusive jurisdiction over the issue of whether ELI has violated the System Agreement. Even though it would be improper for the LPSC to determine that ELI did not meet the conditions and thereby violated the amended System Agreement when it included the ERS units, the LPSC asserts that its action is proper under its authority to assess the prudence of ELI’s decision, citing Pike County Light & Power v. Pa. Public Util. Comm’n, 77 Pa. Cmwlth. 268, 465 A.2d 785, 738 (1983). In my view, the reason the LPSC found ELI’s decision to be imprudent is because the LPSC found that ELI did not meet the conditions imposed in the amended System Agreement. I think that the LPSC is simply trying to do indirectly what it may not do directly, namely, determine that ELI violated a FERC tariff. For these reasons, I dissent.